**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1760**

———————

LAWRENCE K. SILVA, Ph. D.,

Plaintiff - Appellant,

versus

BOWIE STATE UNIVERSITY, part of the University
System of Maryland,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (CA-04-
1984-RWT)

———————

Submitted: January 25, 2006      Decided: February 10, 2006

———————

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

Lawrence K. Silva, Appellant Pro Se.  Sara Slaff, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lawrence K. Silva filed a second amended complaint against Bowie State University ("BSU"), his former employer, alleging that BSU terminated him in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. BSU moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. The district court concluded that it need not convert the motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. The court then granted BSU's Rule 12(b)(6) motion, finding that, as a matter of law, BSU's request for Silva to undergo a medical examination was not an adverse employment action. The court also concluded that Silva failed to state a prima facie case of retaliatory discharge, finding that there was no causal connection between his protected activity and the termination because BSU terminated him for refusing to undergo the medical evaluation--not for filing his discrimination complaint. Silva appeals. We affirm in part, vacate in part, and remand for further proceedings.

Silva asserts on appeal that the district court erred by failing to convert the motion to dismiss into a motion for summary judgment and that the court erred by finding that the request for a medical examination was not an adverse employment action. We have reviewed the record and find no reversible error relating to

these issues. Accordingly, we affirm these portions of the district court's order for the reasons stated by the court at the hearing held on June 21, 2005. See Silva v. Bowie State Univ., No. CA-04-1984-RWT (D. Md. June 22, 2005).

Next, Silva asserts that the district court erred in granting BSU's motion to dismiss his retaliatory discharge claim on the grounds that there was no causal connection between the filing of his complaint with BSU's Equal Employment Opportunity ("EEO") officer and the termination and that insubordination was the reason for his termination. We review de novo a Rule 12(b)(6) dismissal, "accept[ing] as true the factual allegations of the challenged complaint and . . . view[ing] those allegations in the light most favorable to the plaintiff." Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). "[A] district court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Id.

To state a prima facie case of retaliation, Silva must show that (1) he engaged in a protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal connection between the first two elements. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). In determining whether there is a causal connection between the protected activity and the adverse employment action sufficient to state a prima facie case of

retaliation, we have "held that a causal connection . . . exists where the employer takes an adverse employment action against an employee shortly after learning of the protected activity." Id. at 213.

Here, Silva contacted the EEO officer on January 26, 2003. BSU terminated him on April 8, 2003--about ten weeks later. Because "[t]he burden of establishing a prima facie case . . . is not onerous," Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981), we find that the ten-week lapse of time sufficiently established a prima facie case of retaliation. See King v. Rumsfeld, 328 F.3d 145, 151 & n.5 (4th Cir. 2003) (concluding that ten weeks between protected activity and adverse employment action "gives rise to a sufficient inference of causation to satisfy the prima facie requirement" but noting that "[t]his length of time . . . is sufficiently long so as to weaken significantly the inference of causation between the two events"). Thus, the district court erred in granting BSU's motion to dismiss Silva's retaliatory discharge claim.

Accordingly, we vacate that portion of the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
